UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RISKON INTERNATIONAL, INC. f/k/a BITNILE METAVERSE, INC. and/or ECOARK HOLDINGS, INC., EOCARK, INC., and HYPERSCALE DATA, INC., <br><br>Plaintiffs <br><br>v. <br><br>ZEST LABS HOLDINGS, LLC, and GARY METZGER, <br><br>Defendants <br><br>AND ALL RELATED COUNTERCLAIMS | Case No.: 2:25-cv-02042-APG-NJK <br><br>**Order Denying Parties' Motions to Seal** <br><br>[ECF Nos. 9, 19, 24, 33, 42] |

Plaintiffs RiskOn, Inc., Ecoark, Inc., and Hyperscale Data, Inc. and defendants Zest Labs Holdings, LLC (Zest Holdings) and Gary Metzger move to seal various documents and pieces of information filed with the defendants' motion to dismiss and with both sides' papers relating to plaintiffs' motion for a preliminary injunction and temporary restraining order. As the parties have not raised a compelling reason to seal, I deny their motions. But I keep the documents under seal for now while I give the parties another opportunity to justify sealing them.

I.  BACKGROUND

In separate litigation, non-party Zest Labs, Inc. (Zest Subsidiary) entered into a settlement agreement with Walmart, Inc. that contains a confidentiality provision. ECF Nos. 1-1 at 6; 12 at 2. RiskOn and Ecoark had previously transferred Zest Subsidiary to Zest Holdings so that Zest Holdings would distribute any proceeds derived from the Walmart litigation to RiskOn's "security holders of record as of November 15, 2022." ECF No. 1-1 at 18. In this case, the plaintiffs sue the defendants over the proposed distribution of the Walmart settlement

proceeds, alleging breach of contract and other causes of action. ECF No. 1-1.  The parties have filed several motions and related papers.

The defendants move to seal several documents and pieces of information in their briefing. ECF Nos. 9; 24; 33.  First is a letter they sent to RiskOn's shareholders that they attached as an exhibit to their motion to dismiss. ECF No. 11-7.  Second is an estimate of how much money from the settlement proceeds they intend to distribute to RiskOn's shareholders in their statement of removal. ECF No. 23.  Third is information in their opposition to the plaintiffs' motion for a preliminary injunction regarding the litigation expenses being paid out of the Walmart settlement proceeds and a second letter sent to RiskOn's shareholders. ECF Nos. 32; 32-1; 32-2.  The plaintiffs seek to seal the portions of their briefs that quote and argue about the information the defendants wish to seal. ECF Nos. 19, 42.

## II.   DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (simplified).  A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.  Under this standard, I

may seal records only when I find "a compelling reason and articulate the factual basis for [my] ruling, without relying on hypothesis or conjecture. *Kamakana*, 447 F.3d at 1179 (quotation omitted). I must then "conscientiously balance the competing interest of the public and the party who seeks to keep certain judicial records secret." *Id.* (simplified).

The defendants seek to seal documents filed in support of their motion to dismiss and their opposition to the plaintiffs' motion for a preliminary injunction. The plaintiffs' desired redactions are based on those same documents. A motion to dismiss, as a dispositive motion, is related to the merits. *See Foltz*, 331 F.3d at 1136. A motion for preliminary injunction is tangentially related to the merits because it "frequently requires the court to address the merits of a case" and "often includes the presentation of substantial evidence." *Ctr. for Auto Safety*, 809 F.3d at 1099. Therefore, the compelling reasons standard applies to all documents in this case.

In all three of their motions to seal, the defendants' arguments for sealing are practically identical. They state that "compelling reasons exist for this narrow sealing order here because the information at issue is subject to a confidentiality agreement." ECF Nos. 24 at 4; 33 at 4; *see* ECF No. 9 at 3. The defendants do not give any other reasons for sealing. They cite three unpublished cases but do not explain how those cases relate to the facts of this case. The plaintiffs do not provide any further reasons for sealing the information or documents.

The "mere fact" that a "settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information." *Helix Env't Plan., Inc. v. Helix Env't & Strategic Sols.,* Case No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021) (citing *Foltz*, 331 F.3d at 1137-38). Because the defendants and the plaintiffs have not provided anything beyond "conclusory statement[s] that the agreement contains a confidentiality clause," I cannot find compelling reasons to seal these

3

documents. *Helix Env't Plan., Inc.*, 2021 WL 120829, at *2 (citing *Kamakana*, 447 F.3d at 1178).

Therefore, I deny all motions to seal without prejudice. I will give the parties until January 14, 2026 to file a stipulation that identifies every portion of every document they want sealed, listing compelling reasons to do so and including redacted versions of those documents. Redaction is preferred over sealing entire documents. *See United States v. Cuevas,* Case No. 2:22-cr-00286-CDS-BNW, 2023 WL 6196142, at *1, (D. Nev. Sept. 22, 2023) (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011)). If the parties cannot stipulate what to redact or seal, either party may file a new motion to seal, listing compelling reasons to do so with redacted versions of the documents by January 14, 2026. Because "[o]nce information is published, it cannot be made secret again," I will keep all currently sealed documents under seal until I rule on the parties' stipulation or new motion to seal or until January 16, 2026 if neither party files a motion to seal. *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motions to seal **(ECF Nos. 9, 24, 33)** and the plaintiffs' motions to seal **(ECF Nos. 19, 42) are DENIED** without prejudice. **Nevertheless, all currently sealed documents will remain under seal for now**. The parties have until January 14, 2026 to file either a stipulation as to what to seal or a new motion to seal.

DATED this 29th day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE