Travis F. Chance, Esq., Nevada Bar No. 13800
tchance@bhfs.com
Sarah K. Voehl, Esq., Nevada Bar No. 16646
svoehl@bhfs.com
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:    702.382.2101
Facsimile:    702.382.8135

Dhaivat H. Shah, Esq. (admitted *pro hac vice*)
ds@grellas.com
Robert H. O'Leary, Esq. (admitted *pro hac vice*)
ro@grellas.com
Grellas Shah LLP
550 California St., Suite 1040
San Francisco, CA 94104
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

*Attorneys for Defendants*
ZEST LABS HOLDINGS, LLC and GARY METZGER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RISKON INTERNATIONAL, INC., a Nevada corporation; ECOARK, INC., a Delaware corporation; and HYPERSCALE DATA INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ZEST LABS HOLDINGS, LLC, a Nevada limited liability company; and GARY METZGER, an individual,<br><br>Defendant. | Case No.  2:25-cv-02042-APG-NJK<br><br>**ZEST LABS HOLDINGS, LLC'S OPPOSITION TO RISKON'S MOTION TO DISMISS COUNTERCLAIM**<br><br>Judge: Andrew P. Gordon |
| ZEST LABS HOLDINGS, LLC, a Nevada limited liability company,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>RISKON INTERNATIONAL, INC., a Nevada corporation<br><br>Counterclaim Defendant. | |

## I. INTRODUCTION

The motion to dismiss (the "Motion") by RiskOn International, Inc. ("RiskOn") (ECF No. 56) fails to present a basis for dismissal of this Counterclaim. Zest Labs Holdings, LLC ("Zest Holdings") counterclaimed to seek redress for RiskOn's improper and baseless refusal to cooperate with Zest Holdings' efforts to make a distribution to RiskOn's stockholders of record as of November 15, 2022. The cooperation provisions at issue in the Stock Purchase Agreement ("SPA") broadly obligate RiskOn to: "take such further action (including the execution and delivery of such further instruments and documents) as the other Party may request[,]" and "deliver to [Zest Holdings] without further consideration, all such further assignments, conveyances, consents and other documents, and take such other action, as [Zest Holdings] may reasonably request . . . otherwise to consummate or effectuate the transactions contemplated by this Agreement." Counterclaim, ¶¶ 17, 18. This Counterclaim was prompted by RiskOn's wrongful refusal to provide its stockholder list to Zest Holdings. A distribution to a company's stockholders is impossible without a stockholder list, and RiskOn had no legitimate basis to refuse to provide it.

RiskOn's Motion argues that because it has now agreed to provide its stockholder list, the action should be dismissed as moot and for lack of any damages. The Motion has it wrong for three main reasons.

First, RiskOn's agreement to provide its stockholder list[1] does not resolve the dispute about whether RiskOn's earlier refusal to provide that document breached the SPA. RiskOn's agreement to provide the records appears to concede that its earlier refusal was a breach of contract.

Second and relatedly, there is a dispute for the Court to resolve about whether RiskOn owes attorneys' fees incurred by Zest Holdings in response to RiskOn's breach of its obligation to timely provide its stockholder list. The SPA has an attorneys' fees clause that allows the prevailing party to collect reasonable attorneys' fees. Counterclaim, ¶¶ 56, 63 & Ex. A at 006.

---

[1] RiskOn provided its transfer agents records to Zest Holdings on January 21, 2026.

1  The Court will need to resolve whether RiskOn owes attorneys' fees either under this provision
2  of the SPA or as damages under applicable principles of contract law.

3  Third, there is an ongoing controversy about whether RiskOn has satisfied its
4  cooperation obligations under the SPA notwithstanding that it has provided its stockholder list.
5  The Counterclaim sought an order to compel RiskOn to provide its stockholder list and also to
6  generally further cooperate with Zest Holdings. More remains to be done. For instance, on
7  January 15, 2026, Zest Holdings wrote to RiskOn with a further request to aid the distribution—
8  that an officer of RiskOn provide direct consent to Depository Trust Company ("DTC") to
9  release a shareholder position report[2] to Zest Holdings. *See* Ex. 1. DTC has confirmed that it
10 has these historical records but is requiring authorization from RiskOn before it will provide
11 them. RiskOn is contractually obligated to comply with Zest Holdings' request. This position
12 report will facilitate Zest Holdings' efforts to determine whether the DTC participant securities
13 brokers still possess their customer records indicating the beneficial owners of RiskOn as of
14 November 15, 2022. To date, RiskOn has not responded.

## II. ARGUMENT

### A. The Motion to Dismiss Should Be Rejected Because RiskOn Has Not Established That the Dispute Is Moot

RiskOn moves to dismiss under Fed. R. Civ. P 12(b)(1) on the basis that this dispute is moot. Mot. at 3. RiskOn, however, has failed to establish that there is no justiciable case or controversy. *See Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (stating legal standard on 12(b)(1) motion to dismiss for mootness).

This action is not moot for several reasons.

First, RiskOn's agreement to provide the transfer agent records does not render moot the dispute as to whether RiskOn's earlier refusal to provide the records amounted to a breach of contract. *See* Counterclaim ¶ 36 & Ex. C (alleging RiskOn's wrongful refusal to provide stockholder list). A party that breaches a contract cannot escape the legal consequences of that

---

[2] A shareholder position report will delineate how much RiskOn stock was held by each participant broker, on behalf of clients, on the record date.

contract with thirteenth-hour compliance.

Second, there is a dispute about whether Zest Holdings is entitled to recover its attorneys' fees and costs incurred in bringing this counterclaim. In its prayer for relief, Zest Holdings requests an award of attorneys' fees as compensation for RiskOn's breach under the prevailing party attorneys' fee clause in the SPA. Counterclaim, ¶¶ 56, 63 & Prayer for Relief, B; *see also* Counterclaim Ex. A at 006 ("In the event that there is any controversy or claim arising out of or relating to this Agreement, or to the interpretation, breach or enforcement thereof, and any action or arbitration proceeding is commenced to enforce the provisions of this Agreement, the prevailing party shall be entitled to a reasonable attorney's fee, including the fees on appeal, costs and expenses."). Whether Zest Holdings is entitled to recover attorneys' fees under this provision of the SPA is a live controversy for the Court to adjudicate. Moreover, as discussed in the Part B, below, attorneys' fees may be recoverable as damages for RiskOn's breach of contract under applicable principles of contract law.

Third, providing transfer agent records is not the only specific performance requested by Zest Holdings in its Counterclaim. In its prayer for relief, Zest Holdings also requested that RiskOn be ordered to provide "any additional documents or information necessary in order for Zest Holdings to proceed with a distribution pursuant to the terms of the SPA[.]" Counterclaim, Prayer for Relief, A. To that end, on January 15, 2026, Zest Holdings wrote to RiskOn to request:

> DTC informed us that it requires authorization of a company officer of RiskOn/Ecoark Holdings to release to Stretto the position report of Ecoark Holdings, Inc. as of November 15, 2022. DTC's counsel, Aimee Bandler, has requested that an officer contact her, Jeffrey O'Connell and Larry Hammond (also of DTC). Their email addresses are abandler@dtcc.com; joconnell@dtcc.com; and lhammond@dtcc.com. Please confirm that an officer of RiskOn will reach out to Aimee to provide authorization to release the position report to Stretto, and let us know when they have done so.

Ex. 1 (Email from R. O'Leary to A. Boccamazzo).

To date, RiskOn has not provided any response to this request for further assistance in furtherance of the distribution. This is an example of further specific performance that has been requested and may be disputed, which establishes that this action is not moot.

### B. Damages Are Sufficiently Pled

RiskOn's Motion argues that the Counterclaim should be dismissed because damages have not been pled. Mot. at 3. This argument fails because Zest Holdings has pled that it has been immediately damaged in the form of having to incur attorneys' fees to pursue this action in order to obtain the documents, information, and cooperation that RiskOn is obligated to provide under the SPA. Counterclaim ¶ 56, 63 ("Under Section 13 of the SPA, Zest Holdings is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in bringing this action."). These damages are collectible under the prevailing party attorneys' fee clause in the SPA. Counterclaim, Ex. A at 006.

Attorneys' fees are also collectible as special damages. *VSolvit, LLC v. Sohum Sys., LLC*, No. 2:23-CV-00454-JAD-DJA, 2025 WL 3006142, at *3 (D. Nev. Apr. 23, 2025) is instructive. There, defendants moved to dismiss on the basis that plaintiff had not pled damages. In denying defendants' motion to dismiss, the court reasoned that, because plaintiff had alleged that the defendants' breach of contract caused it to incur attorneys' fees, among other costs: "I find it plausible from the face of [plaintiff's] complaint that these damages resulted from the alleged breach, and the defendants do not argue otherwise. So [plaintiff] has adequately pled the causation element of its contract claims based on these other damage theories." 2025 WL 3006142, at *5. Just as in this *VSolvit*, Zest Holdings has pled that it incurred damages in the form of attorneys' fees to pursue redress for RiskOn's failure to comply with its obligations under the SPA.

These allegations are adequate to establish damages at the pleadings stage.

Respectfully Submitted,

Dated: January 28, 2026     GRELLAS SHAH LLP

By: /s/ Robert H. O'Leary
Dhaivat H. Shah, Esq. (*pro hac vice*)
Robert H. O'Leary, Esq. (*pro hac vice*)
550 California Street, Suite 1040
San Francisco, CA 94104
Telephone:   (408) 255-6310
Email(s):    ds@grellas.com

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

ro@grellas.com

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Travis F. Chance, Esq. (NV Bar No. 13800)
Sarah K. Voehl, Esq., (NV Bar No. 16646)
100 N City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone:   (702) 382-2101
Email(s):    tchance@bhfs.com
             svoehl@bhfs.com

*Attorneys for Zest Labs Holdings, LLC and Gary Metzger*

# Exhibit 1
## (January 15, 2026 Email from R. O'Leary to A. Boccamazzo)

**Robert O'Leary**

| | |
|---|---|
| From: | Robert O'Leary |
| Sent: | Thursday, January 15, 2026 6:18 PM |
| To: | Boccamazzo, Anthony J.; Fleming, Thomas J.; Calder, Joseph M. Jr. |
| Cc: | Dhaivat Shah |
| Subject: | RE: RiskOn/Zest |

Tony,

Subject to RiskOn's agreement to abide by the terms of the stipulated protective order that the court declined to enter (and Defendants will likewise agree to the same), we are in a position to share the operative fee agreement with Bartko and the investment agreement with ▮▮▮▮. I think your email earlier today to Nikki said your clients were agreeing to follow the terms of the stipulated protective order, so we are confirming we read that correctly. We are gathering the other materials and information you requested and expect to be in a position to provide them soon.

A few other things we wanted to raise --

For clarity of the documentation, we propose to enter into a confidentiality agreement with the same substantive provisions as the stipulated protective order. Please let us know if your clients agree to that, and we will prepare the draft.

DTC informed us that it requires authorization of a company officer of RiskOn/Ecoark Holdings to release to Stretto the position report of EcoarkHoldings, Inc. as of November 15, 2022. DTC's counsel, Aimee Bandler, has requested that an officer contact her, Jeffrey O'Connell and Larry Hammond (also of DTC). Their email addresses are abandler@dtcc.com; joconnell@dtcc.com; and lhammond@dtcc.com. Please confirm that an officer of RiskOn will reach out to Aimee to provide authorization to release the position report to Stretto, and let us know when they have done so.

Thanks,
Bob



**ROBERT O'LEARY**
Associate

Office: (408) 255-6310
Email: ro@grellas.com
Website: www.grellas.com

---

From: Boccamazzo, Anthony J. <ABoccamazzo@olshanlaw.com>
Sent: Thursday, January 15, 2026 10:43 AM
To: Robert O'Leary <RO@grellas.com>; Fleming, Thomas J. <TFleming@olshanlaw.com>; Calder, Joseph M. Jr. <JCalder@olshanlaw.com>
Cc: Dhaivat Shah <ds@grellas.com>
Subject: RE: RiskOn/Zest

1